Deborah R.G. Cesario, SBN 166263
Stephanie S. Baril, SBN 259581
HATCH & CESARIO
Attorneys-at-Law
10531 4S Commons Drive, Suite 583
San Diego, CA 92127
Telephone: (858) 943-4200
Facsimile: (858) 943-4200
Email: debbie@hatchcesariolaw.com
Email: stephanie@hatchcesariolaw-sd.com

Attorneys for Defendant
EMPIRE SPRINGS CHARTER SCHOOL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE THOMAS, mother of J.T., a minor student,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>EMPIRE SPRINGS CHARTER SCHOOL,<br><br>　　　　　Defendant. | CASE NO. 5:19-cv-01891-JGB-SP<br><br>**EMPIRE SPRINGS CHARTER SCHOOL'S ANSWER TO COMPLAINT FOR REVERSAL OF ADMINISTRATIVE DUE PROCESS DECISION**<br><br>The Hon. Jesus G. Bernal<br><br>Action Filed: October 2, 2019 |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, defendant Empire Springs Charter School ("Defendant" or "Empire Springs") answers plaintiff Janine Thomas' ("Plaintiff" or "Thomas") Complaint for Reversal of Administrative Due Process Decision ("Complaint"). If an averment is not specifically admitted, it is hereby denied.

/ / /

/ / /

/ / /

/ / /

# ANSWER TO COMPLAINT

## JURISDICTION AND VENUE

1.   In response to Paragraph 1 of the Complaint, Defendant admits that on January 22, 2020 the Court ruled that it has jurisdiction over this matter under the Individuals with Disabilities Education Act ("IDEA").  Defendant further admits that Plaintiff was the petitioner in a due process hearing complaint filed with the California Office of Administrative Hearings ("OAH"), Case No. 2019060591.  Except as specifically admitted, Defendant denies the allegations contained in paragraph 1.

2.   In response to Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3.   In response to Paragraph 3 of the Complaint, Defendant admits that Plaintiff filed a due process complaint on June 13, 2019, with OAH on behalf of her son J.T., that the hearing was held and completed on July 9, 2019, and that the decision was issued on July 19, 2019.  Defendant further admits that Plaintiff timely filed the Complaint to reverse the single issue raised and adjudicated by OAH at the July 9, 2019, expedited due process hearing.  Defendant admits that Plaintiff has exhausted administrative remedies at OAH as to the single issue adjudicated.  Defendant denies that Plaintiff exhausted administrative remedies as to any other claim or issue.

## THE PARTIES

4.   In response to Paragraph 4 of the Complaint, Defendant admits that it disenrolled student effective June 13, 2019, pursuant to the parties' applicable Student Agreement and due to Plaintiff's refusal to allow her son to participate in standardized testing from which he was not exempt.  Except as specifically admitted, Defendant denies the allegations contained in Paragraph 4.

5.   In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff has standing to bring claims to assert rights under the IDEA.  Except as

specifically admitted, Defendant states that Paragraph 5 contains legal conclusions to which no response is necessary. To the extent the Court requires a response, and except as specifically admitted, Defendant denies the allegations contained in Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Defendant admits that it is a public charter school authorized under applicable California law and that it is a local educational agency as defined by the IDEA and applicable California law. Defendant further admits that it is obligated to comply with special education laws and related applicable sections of the California Education Code[1], including those parts of Education Code section 47605 which are applicable to charter schools. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 6.

## ISSUES

7. In response to Paragraph 7 of the Complaint, Defendant denies the allegations contained therein.

   a. In response to Paragraph 7.a. of the Complaint, Defendant admits that Plaintiff alleged a violation of Education Code section 47605 in the underlying administrative due process proceeding and that OAH held the claim was outside its jurisdiction. Thus, Defendant denies that the issue is before the Court and, except as specifically admitted, denies the allegations contained in Paragraph 7.a.

   b. In response to Paragraph 7.b. of the Complaint, Defendant denies that Plaintiff raised the stated issue in the underlying administrative due process proceeding and, on that basis, denies that the issue is before the Court. Defendant further states that Paragraph 7.b. contains legal statements to which it need not respond. To the extent that the Court requires a response, Defendant denies the entirety of Paragraph 7.b.

---

[1] Hereinafter, the California Education Code will be referred to as the Education Code.

1      c. In response to Paragraph 7.c. of the Complaint, Defendant denies that Plaintiff raised the stated issue in the underlying administrative due process proceeding and, on that basis denies that the issue is before the Court. Defendant further states that Paragraph 7.c. contains legal statements to which it need not respond. To the extent that the Court requires a response, Defendant denies the entirety of Paragraph 7.c.

## FACTUAL BACKGROUND

8. In response to Paragraph 8 of the Complaint, Defendant admits that Plaintiff signed a Student Agreement for the 2018-2019 school year on or about March 26, 2018, and that Mrs. Hermsmeyer testified that the Student Agreement was a contract. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Defendant admits that parents are required to sign a Student Agreement to enroll their child in Defendant's schools pursuant to Education Code section 51747 and related California laws and regulations. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 9.

10. In response to Paragraph 10 of the Complaint, Defendant admits that Plaintiff's son had an IEP and Plaintiff revoked consent to special education and related services for her son, by email, on or about April 1, 2019. Defendant admits Plaintiff attached a copy of the email as an Exhibit to a motion to dismiss filed on April 3, 2019, in OAH Case No. 2018100555. OAH Case No. 2018100555 was filed by Defendant, pursuant to Education Code section 56346(f) to obtain an order that it could implement the IEP without parental consent. Except as specifically admitted, the Defendant denies the allegations contained in Paragraph 10.

11. In response to Paragraph 11 of the Complaint, Defendant admits that on April 2, 2019, it filed a Notice of Withdrawal Without Prejudice and Motion for Sanctions in OAH Case No. 2018100555 and sought sanctions in the form of

attorneys' fees based on Plaintiff's alleged frivolous, bad faith actions that were designed to cause undue delay and harass Defendant. Defendant further admits that it noted in its Motion for Sanctions that Plaintiff disclosed confidential settlement negotiations to OAH. Defendant further admits that OAH denied its Motion for Sanctions finding that Defendant did not establish bad faith or tactics that were frivolous or solely intended to cause unnecessary delay or that confidential settlement communications were disclosed. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 11.

12. In response to Paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

13. In response to Paragraph 13 of the Complaint, Defendant admits that on April 5, 2019, Plaintiff asked that Defendant conduct a special education initial assessment on her son. Defendant further admits that students who have Section 504 plans and are unable to take the required tests due to their disability can opt out of the testing requirement. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 13.

14. In response to Paragraph 14 of the Complaint, Defendant admits that it provided Plaintiff an assessment plan for a special education initial assessment on April 19, 2019, in compliance with Education Code section 56043(a). Defendant further admits that the ALJ erroneously stated that the District had a "basis of knowledge," a specific term of art invoked in 20 U.S.C. section 1415, which is inapplicable to this case. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 14.

15. In response to Paragraph 15 of the Complaint, Defendant admits that it sent Plaintiff a letter dated June 3, 2019, notifying her that her son would be disenrolled from Defendant effective June 13, 2019. Defendant further admits that Plaintiff filed a due process complaint on June 13, 2019, the due process hearing took place on July 9, 2019, and the OAH decision was issued on July 19, 2019.

Except as specifically admitted, Defendant denies the allegations contained in Paragraph 15.

## STANDARD OF REVIEW

16. In response to Paragraph 16 of the Complaint, Defendant states that it contains no factual averments to which it must respond. To the extent that the Court requires a response, Defendant admits to the existence of the case cited by Plaintiff, which speaks for itself, but denies that the quoted language is from the case's holding.

17. In response to Paragraph 17 of the Complaint, Defendant states that it contains no factual averments to which it must respond. To the extent that the Court requires a response, Defendant denies that there are no material factual problems or that the ALJ erred in several crucial questions of the law.

## ERRORS IN APPLYING THE LAW

18. In response to Paragraph 18 of the Complaint, Defendant states that it contains no factual averments to which it must respond. To the extent that the Court requires a response, Defendant denies the allegations contained in Paragraph 18.

19. In response to Paragraph 19 of the Complaint, Defendant states that it contains no factual averments to which it must respond. To the extent that the Court requires a response, Defendant admits to the existence of the statute, which speaks for itself, but denies that the statute governs all involuntary removals for any reason by charter schools or that it entitles Plaintiff to any relief.

20. In response to Paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

21. In response to Paragraph 21 of the Complaint, Defendant admits that the ALJ did not address Education Code section 56302.1(a) because Plaintiff did not allege that Defendant violated Education Code section 56302.1(a) in the due process complaint she filed with OAH. Defendant further states that remainder of

Paragraph 21 does not contain factual averments to which it must respond.  To the extent that the Court requires a response, and except as specifically admitted, Defendant denies the allegations contained in Paragraph 21.

22. In response to Paragraph 22 of the Complaint, Defendant states that it contains no factual averments to which it must respond.  To the extent that the Court requires a response, Defendant denies the allegations contained in Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Defendant states that it contains no factual averments to which it must respond.  To the extent that the Court requires a response, Defendant denies the allegations contained in Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Defendant states that it contains no factual averments to which it must respond.  To the extent that the Court requires a response, Defendant admits to the existence of the statute, which speaks for itself, and denies the remaining allegations contained in Paragraph 24.

25. In response to Paragraph 25 of the Complaint, Defendant states that it contains no factual averments to which it must respond.  To the extent that the Court requires a response, Defendant denies the allegations contained in Paragraph 25.

26. In response to Paragraph 26 of the Complaint, Defendant states that it contains no factual averments to which it must respond.  To the extent that the Court requires a response, Defendant denies the allegations contained in Paragraph 26.

/ / /

/ / /

/ / /

/ / /

/ / /

## CAUSE OF ACTION

<u>For Reversal of OAH Due Process Decision</u>

27.  In response to Paragraph 27 of the Complaint, Defendant realleges its averments and denials in paragraphs 1 through 26 as if fully set forth herein.

28.  In response to Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

29.  In response to Paragraph 29 of the Complaint, Defendant admits that the ALJ erroneously stated that the District had a "basis of knowledge," a specific term of art invoked in 20 U.S.C. section 1415, which is inapplicable to this case.[2] Except as specifically admitted, Defendant denies the allegations contained in Paragraph 29.

30.  In response to Paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

## PRAYER FOR RELIEF

31.  Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief.

## **<u>AFFIRMATIVE DEFENSES</u>**

Defendant pleads the following separate defenses.  Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.  As a separate and first affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

---

[2] 20 U.S.C. section 1415 concerns changes in placement (*e.g.* disenrollment) due to a child violating a school's code of student conduct.  No such disciplinary violation occurred in this case.

## SECOND AFFIRMATIVE DEFENSE
## (Failure to Exhaust Administrative Remedies)

2. As a separate and second affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because she failed to exhaust administrative remedies prior to bringing her Complaint.

## THIRD AFFIRMATIVE DEFENSE
## (Compliance with the Law)

3. As a separate and third affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that the actions taken by Defendant were in full compliance with the law.

## FOURTH AFFIRMATIVE DEFENSE
## (No Statutory Violation)

4. As a separate and fourth affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that it has complied with all applicable and/or cited statutes including the IDEA (20 U.S.C. §1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 701 *et seq.*), Education Code sections 47600 *et seq.,* 47605, 56043, 56302, 56302.1, and 60615, and Civil Code section 1668.

## FIFTH AFFIRMATIVE DEFENSE
## (Waiver and Estoppel)

5. As a separate and fifth affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that as a result of her own acts and/or omissions, Plaintiff has waived any right which she may have had to recover and/or is estopped from recovering any relief sought against Defendant.

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

**(Damages/Remedies Not Recoverable)**

6. As a separate and sixth affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that Plaintiff's Complaint seeks damages or other remedies not properly recoverable against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

7. As a separate and seventh affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that Plaintiff lacks standing to prosecute any purported claims set forth in the Complaint that do not arise under the IDEA.

## EIGHTH AFFIRMATIVE DEFENSE

**(Mootness)**

8. As a separate and eighth affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that Plaintiff's claims for relief should be dismissed as moot.

## NINTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

9. As a separate and ninth affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that Plaintiff has, and continues to have, the ability and opportunity to mitigate the damages and harm alleged in the Complaint and has failed to take reasonable and necessary steps to mitigate the same.

## TENTH AFFIRMATIVE DEFENSE

**(Frivolous Action)**

10. As a separate and tenth affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that

Plaintiff is not entitled to any remedy because the Complaint and underlying action are frivolous, unreasonable, and/or without foundation and/or Plaintiff continued to litigate after the litigation clearly became frivolous, unreasonable, and/or without foundation.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Purpose)

11. As a separate and eleventh affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that Plaintiff is not entitled to any remedy because the Complaint and underlying action were presented for an improper purpose, such as, to harass, cause unnecessary delay, or to needlessly increase the cost of litigation.

## TWELFTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Prevailing Party)

12. As a separate and twelfth affirmative defense to the Complaint, and to each of the purported claims for relief set forth therein, Defendant alleges that Plaintiff is not entitled to an award of attorneys' fees against Defendant as she was not the prevailing party in the underlying due process proceeding, and Defendant prevailed on all issues in the underlying action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

13. Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves it right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed with prejudice and in its entirety;
2. That Plaintiff takes nothing by reason of this Complaint and that

judgment be entered against Plaintiff and in favor of Defendant, fully affirming the decision of OAH in Case No. 2019060591;

3. That Defendant be awarded its attorneys' fees and costs incurred in defending this action; and

4. That Defendant be granted such other relief as the Court may deem as just and proper.

DATED:  February 5, 2020          HATCH & CESARIO

By:  /s/ Deborah R. G. Cesario
    Deborah R.G. Cesario
    Stephanie S. Baril
    Attorneys for Defendant
    Empire Springs Charter School