FILED

JAN 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANINE THOMAS, mother of J.T., a minor student,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>EMPIRE SPRINGS CHARTER SCHOOL,<br><br>    Defendant-Appellee. | No. 21-55284<br><br>D.C. No.<br>5:19-cv-01891-JGB-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted January 12, 2022[**]
Pasadena, California

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,[***] District Judge.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Appellant Janine Thomas (Thomas) is the mother of minor child J.T. Thomas filed a complaint with the Office of Administrative Hearings, State of California (OAH) alleging that Empire Springs Charter School (Empire) violated the Individuals with Disabilities Education Act (IDEA) and state law by disenrolling J.T. for failure to comply with the school's testing requirements. Thomas did not prevail in the administrative hearing or the district court, and filed this timely appeal. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we **AFFIRM**. *See D. D. v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1043, 1054 (9th Cir. 2021) (en banc) (applying de novo review).

**1.** J.T.'s disenrollment complied with California Education Code § 47605(c)(5)(J). Section 47605(c)(5)(J) requires notice and a hearing when a student is suspended for 10 days or more, or expelled for disciplinary reasons. *See* Cal. Educ. Code § 47605(c)(5)(J)(ii). However, Thomas concedes that J.T. was not disenrolled for disciplinary reasons. Rather, J.T. was disenrolled for failure to

comply with the testing requirements imposed by Empire's Student Agreement.[1]

Therefore, § 47605(c)(5)(J)(ii) does not apply to J.T.'s disenrollment.

**2.** Thomas contends that despite the Empire Student Agreement, J.T. was exempt from the testing requirements as a special education student. However, Thomas revoked her consent to the special education services previously provided to J.T. Thus, J.T. was no longer exempt from the testing requirements in the Empire Student Agreement. *See* Assistance to States for the Education of Children With Disabilities and Preschool Grants for Children With Disabilities, 73 Fed. Reg. 73006-01, 73013, 2008 WL 5043663 (Dec. 1, 2008) ("Once a parent revokes consent for special education and related services under § 300.300(b), the child is a general education student. . . .")

**3.** Thomas argues that referral of J.T. for special education assessment following her revocation reinstated IDEA protection for J.T. Thomas relies on 20 U.S.C. § 1415(k)(5)(B)(ii) to support her argument. However, the provisions of §

---

[1] Contrary to Thomas's arguments, Empire's Student Agreement was not an invalid contract under California Civil Code §§ 1667 and 1668. Empire's Student Agreement did not violate § 1667 because it was neither "[c]ontrary to an express provision of law;" "[c]ontrary to the policy of express law . . . ;" nor "[o]therwise contrary to good morals." Cal. Civ. Code § 1667. The Agreement did not violate § 1668 because it did not "directly or indirectly . . . exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent." Cal. Civ. Code § 1668.

1415(k)(5) apply only in the context of "disciplinary action." 20 U.S.C. § 1415(k)(5)(A). As discussed, J.T. was not subjected to any disciplinary action. Accordingly, Thomas's reliance on § 1415(k)(5)(B)(ii) is misplaced.

    **AFFIRMED.**